**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JAMES B. WATTS,**

                    **Petitioner,**

         **v.**                                    **CASE NO. 22-3109-SAC**

**LUCIFER, et al.,**

                    **Respondents.**

<u>**NOTICE AND ORDER TO SHOW CAUSE**</u>

This matter is before the Court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] (Doc. 8.) Petitioner, who is proceeding pro se and in forma pauperis, is a pretrial detainee at Butler County Jail facing state criminal charges. The Court has conducted a preliminary review of the petition and will direct Petitioner to show cause, in writing, why this action should not be dismissed.

**Background**

In February 1999[2], a jury in Chase County, Kansas convicted Petitioner of three counts of burglary, two counts of felony theft, and one count of attempted felony theft in case number 98CR6. *See State v. Watts*, 2001 WL 37131869 (Kan. Ct. App. April 20, 2001)

---

[1] When Petitioner filed his initial petition, he did not use the required court-approved forms. (Doc. 1.) The Court issued a notice of deficiency (Doc. 4) informing Petitioner of the requirement that he use the forms. Petitioner filed his petition on the court-approved forms on July 5, 2022. (Doc. 8.)

[2] In January 1999, Petitioner was charged in Butler County, Kansas with 15 counts of felony thefts under case number 99CR279; all of the charges in that case were later dismissed. *See* Online Records of Butler County District Court.

(unpublished opinion), *rev. denied* Sept. 25, 2002. The same month, another Chase County jury convicted Petitioner of one count of battery against a law enforcement officer in case number 98CR39. *See State v. Watts*, 2000 WL 36745986 (Kan. Ct. App. Sept. 8, 2000) (unpublished opinion), *rev. denied* Dec. 19, 2000. The convictions in these two cases are hereafter referred to as the Chase County convictions. After the Kansas Court of Appeals (KCOA) affirmed the Chase County convictions, Petitioner filed in state court a motion for relief under K.S.A. 60-1507, alleging ineffective assistance of counsel. *See Watts v. State*, 2005 WL 3030337 (Kan. Ct. App. Nov. 10, 2005) (unpublished opinion), *rev. denied* Feb. 14, 2006). The district court denied the motion and, on appeal, the KCOA affirmed the denial. *Id.*

Meanwhile, in December 2004, Petitioner filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Chase County convictions. *Watts v. Thiel*, Case No. 04-cv-3476-SAC, Doc. 1. This Court ordered the respondents in that matter to show cause why the writ should not be granted, and the respondents filed a motion to dismiss. *Id.* at Docs. 4, 6. On February 8, 2005, this Court granted the motion and dismissed the case without prejudice because Petitioner's 60-1507 was pending before the KCOA. The Court explained to Petitioner that principles of comity require federal courts to dismiss a state prisoner's federal habeas petition if the prisoner has not exhausted available state-court remedies. *Id.* at Doc. 8.

The following month, Petitioner filed a second § 2254 petition in this Court, again challenging his Chase County convictions. *Watts*

*v. Thiel*, Case No. 05-cv-3118-SAC, Doc. 1. Because the appeal of the denial of Petitioner's 60-1507 remained pending in the state appellate courts, this Court on April 14, 2005 dismissed the federal petition for writ of habeas corpus without prejudice. *See id.* at Doc. 2. On May 5, 2005, Petitioner filed a third § 2254 petition in this Court that was nearly identical to his second § 2254 petition. *See Watts v. Thiel*, Case No. 05-cv-3205-SAC, Doc. 1. The state appeal was still pending, so this Court dismissed the federal habeas matter on July 13, 2005. *Id.* at Doc. 6.

In the fall of 2006[3], after Petitioner's state-court proceedings ended, he returned to this Court and filed another § 2254 petition challenging his Chase County convictions. *Watts v. Thiel*, Case No. 06-cv-3251-SAC, Doc. 1. This Court ordered the respondents to show cause why the writ should not be granted, and the respondents filed a motion to dismiss, alleging that this Court lacked jurisdiction over the matter because Petitioner was no longer in custody pursuant to the Chase County convictions. *Id.* at Doc. 20. This Court agreed and dismissed the matter. *Id.* at Doc. 28. Petitioner appealed, but the Tenth Circuit ultimately dismissed the appeal for lack of prosecution. *See id.* at Doc. 39.

At some point in 2006, Petitioner's parents apparently began guardianship proceedings in Butler County and were eventually appointed as Petitioner's guardians. *See Watts v. Larned State Hospital*, Case No. 15-cv-3280-SAC-DJW, Doc. 1, p. 3. On March 9, 2015, Petitioner was involuntarily committed to Larned State

---

[3] Petitioner executed the petition on August 18, 2006, and it was received by this Court on September 6, 2007.

Hospital. *Id.* He sought relief in the state courts and, on December 24, 2015, he filed in this Court a § 2254 petition. *Id.* On February 10, 2016, this Court dismissed that case because Petitioner's state challenge to his detention was ongoing. *Id.* at Doc. 5.

In March 2022, Petitioner was charged in Butler County, Kansas under case number 2022CR83 with felony aggravated robbery, felony aggravated burglary, felony theft, and two counts of misdemeanor domestic battery. *See* Online records of Butler County District Court. That prosecution is ongoing.

**Screening Standards**

This matter is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2241. Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4. The United States district courts are authorized to grant a writ of habeas corpus to a state prisoner if he or she is "in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

**The Current Petition**

Now before the Court is Petitioner's most recent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner names as Respondents:

> Lucifer (Satan, The Devil), The Fallen Angels, All of the Evil & Wicked (Luciferians, Illuminati, Devil Worshipers . . .) All Beings or People of Bible Judgement here. . . . Chase Co. & Co. Attorney, Butler Co. & Co. Attorney, and Jail & Sheriff Monty Hughy . . .

(Doc. 8, p. 2.)

In federal habeas matters, the "default rule is that the proper respondent is the warden of the facility where the prisoner is being held" because the warden is the "person who has custody over [the petitioner]." *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court understands that Petitioner asserts that Satan has coordinated the named respondents to deny Petitioner justice. Nevertheless, the United States Supreme Court has instructed that the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See id.* at 443 (2004). Thus, the only proper respondent in this matter is Butler County Sheriff Monty Hughy. All other respondents will be dismissed from this matter.

Next, throughout the petition, Petitioner explains in detail the ways in which he believes his various legal matters are related and causally connected. For example, Petitioner asserts that the Chase County convictions were based in part on illegally obtained evidence. During the prosecutions that led to those convictions, Petitioner underwent competency evaluations that were later used in

the civil commitment proceedings, which he alleges were based on actions he took due to his feeling that he had been denied justice in the Chase County convictions. Moreover, Petitioner contends that the commitment and guardianship proceedings were used to discourage him and prevent him from challenging the Chase County convictions. Finally, Petitioner contends, the commitment proceedings, in which he says he received ineffective assistance of counsel, were then used to bar him from possessing firearms, a prohibition that led to the current Butler County charges. Thus, Petitioner asserts, the unlawful proceedings he has endured "would all have to be addressed in the same action."

But the Court cannot take this type of global view in a federal habeas matter. Rather, federal habeas relief is available to a state prisoner only if he or she is "in [State] custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). Limits exist on the challenges that may be brought in a federal habeas matter that seeks to secure release from state custody. *See e.g.*, *Stone v. Powell*, 428 U.S. 465, 494 (1976) (limiting federal habeas relief on claims that a state conviction was unconstitutional due to a Fourth Amendment violation); *Ruark v. Solano*, 928 F.2d 947, 949-50 (10th Cir. 1991) (holding the Thirteenth Amendment's prohibition of slavery does not create a basis for federal habeas relief), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996); 28 U.S.C. § 2244(c) (establishing statute of limitations for federal habeas actions by state prisoners); 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-

conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). One important limit that the Court has previously explained to Petitioner is the custody requirement.

As this Court explained to Petitioner in 2007,

> "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989)(quoting 28 U.S.C. § 2241(c)(3) and citing 28 U.S.C. § 2254(a)). An applicant for habeas corpus relief is not "'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." *Id.* at 492.
>
> The undisputed record shows the petitioner was no longer in custody on the convictions he challenges at the time he executed the petition. Accordingly, this court lacks jurisdiction to consider his claims. See *Maleng*, 490 U.S. at 492, and *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) ("[Petitioner] is no longer serving the sentences imposed pursuant to his [prior state] convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions.").

*Watts*, Case No. 06-cv-3251-SAC, Doc. 28, p. 2 (May 18, 2007).

In Ground Four of the current petition, Petitioner asserts that he received ineffective assistance of counsel in the Chase County convictions and the Butler County case in which all charges were eventually dismissed. (Doc. 8, p. 25.) Similarly, in Ground Five, Petitioner argues that the judge in the Chase County proceedings was biased and prejudiced. *Id.* at 27. Grounds Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen also assert challenges to the proceedings and

events that led to the Chase County convictions. *Id.* at 28-35.

Because Petitioner's sentence for the Chase County convictions expired on December 30, 2005, he is no longer in custody on those convictions. *Id.* Thus, as it did in 2007, the Court lacks jurisdiction to consider federal habeas challenges, even indirect challenges, to those convictions.

Similarly, because the charges in Butler County case number 99CR279 were dismissed and Petitioner was never convicted in that case, he is not in custody pursuant to any conviction in that case. Thus, Petitioner cannot obtain federal habeas relief based on allegations that counsel was ineffective in Butler County case number 99CR279.

In Ground Two of the petition, Petitioner challenges his "mental commitments" and in Ground Three, he challenges the guardianship proceedings. (Doc. 8, p. 16, 18.) But even liberally construing the petition, it does not appear that Petitioner is currently in custody due to any court order entered in a commitment proceeding or in the guardianship proceeding. In other words, there is no reason to believe that Petitioner is "confined pursuant to the judgment of a state court" that was entered in the guardianship or commitment proceedings. *See Duncan v. Walker*, 533 U.S. 167, 176 (2001). Rather, Petitioner is confined in Butler County Jail pursuant to the charges brought against him in the 2022 Butler County case.

Thus, Grounds Two through Sixteen are subject to dismissal for lack of jurisdiction because Petitioner is not currently in custody pursuant to the Chase County convictions, the guardianship

proceedings, or a civil commitment proceeding. Petitioner is therefore directed to show cause, in writing, on or before August 8, 2022, why Grounds Two through Sixteen of this matter should not be summarily dismissed for lack of jurisdiction. The failure to file a timely response will result in Grounds Two through Sixteen of this matter being dismissed without further prior notice to Petitioner.

In the remaining Ground for relief, Ground One, Petitioner challenges his pretrial detention in the current Butler County case, number 22CR83. (Doc. 8, p. 12.) As Petitioner concedes, he has not yet been to trial on the charges in that case. *Id.* Petitioner asserts that the charges against him are unfounded. *Id.* at 3-14. He expresses concern that the State will use evidence from his commitment proceedings in the current criminal case, whether to prove he was prohibited from possessing firearms, to enhance a sentence if he is convicted, or to have him committed to Larned State Hospital. *Id.* at 14. He also advises the Court that the State may dismiss the felonies and he may be convicted only on the misdemeanors. *Id.* If he is then sentenced only to time served, Petitioner believes that he would be left without an avenue to seek legal relief. *Id.* at 14-15.

First, the Court notes that a challenge to pretrial detention is more properly brought under 28 U.S.C. § 2241. *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (holding that section 2241 "is the proper avenue by which to challenge pretrial detention"). However, requests for pretrial habeas corpus relief are not favored. *Jones v. Perkins*, 245 U.S. 391-92 (1918).

The United States Supreme Court has long held that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. *Ex Parte Royall*, 117 U.S. 241 (1886). In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the individual is in custody for an allegedly criminal act done as required by federal law or federal court order, when the individual is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance. *Id.* at 251-52. Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges."

*Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

If the three circumstances are present, federal abstention is mandatory, unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Extraordinary circumstances that warrant federal intervention in ongoing state criminal proceedings include cases "'of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction.'" *Amanatullah*, 187 F.3d at 1165. However, a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Id.*

The petition does not allege the type of circumstances under which *Ex Parte Royall* allows federal-court intervention. Petitioner does not allege that the acts for which he is facing criminal charges in Butler County were done under the authority of a federal law or foreign government, nor does this case involve foreign relations or present any indication that the State of Kansas should not be allowed to resolve Petitioner's constitutional claims. Moreover, the three conditions in *Younger* appear to be satisfied with respect to Petitioner's current criminal prosecution in Shawnee County district court. The criminal case against Petitioner is ongoing; the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws; and the state courts provide Petitioner the opportunity to present his challenges, including any federal constitutional claims, whether in the district court or, if necessary, on appeal or in further

proceedings. Although the Court acknowledges Petitioner's concerns about the course his state criminal prosecution may take, those concerns are only speculatory at this time and do not establish that the State has denied or will deny Petitioner an adequate opportunity to present his federal constitutional challenges to the current Butler County criminal case. Thus, it appears that *Ex Parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state court proceedings in Butler County.

Petitioner is therefore directed to show cause, in writing, on or before August 8, 2022, why Ground One of this matter should not be summarily dismissed without prejudice under *Ex Parte Royall* and *Younger*. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that all respondents except Sheriff Monty Hughy are dismissed from this matter.

**IT IS FURTHER ORDERED** that Petitioner is directed to show cause, in writing, on or before August 8, 2022, why this matter should not be summarily dismissed for the reasons stated above.

**IT IS SO ORDERED.**

DATED:  This 7th day of July, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge

12