```
            IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**JAMES B. WATTS,**

                     **Petitioner,**

         **v.**                                         **CASE NO. 22-3109-SAC**

**LUCIFER, et al.,**

                     **Respondents.**

### MEMORANDUM AND ORDER

This matter a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 8.) Petitioner, who is proceeding pro se and in forma pauperis, is a pretrial detainee at Butler County Jail facing state criminal charges. The Court conducted a preliminary review of the petition and directed Petitioner to show cause, in writing, why this action should not be dismissed. (Doc. 9.) Although Petitioner has filed three motions (Docs. 10, 11, and 12), he has failed to show cause why this action should not be dismissed. Thus, the Court will dismiss this matter and deny the pending motions as moot.

**Background**

The complicated procedural history that led to the current proceedings is set forth in the detail in the Court's earlier notice and order to show cause (Doc. 9) and need not be recited here. In summary, in early 1999, Petitioner was convicted in Chase County, Kansas of multiple crimes, hereinafter referred to as the Chase

1

County convictions. *See State v. Watts*, 2001 WL 37131869 (Kan. Ct. App. April 20, 2001) (unpublished opinion), *rev. denied* Sept. 25, 2002; *State v. Watts*, 2000 WL 36745986 (Kan. Ct. App. Sept. 8, 2000) (unpublished opinion), *rev. denied* Dec. 19, 2000. After the Kansas Court of Appeals (KCOA) affirmed, Petitioner filed in state court a motion for relief under K.S.A. 60-1507. *See Watts v. State*, 2005 WL 3030337 (Kan. Ct. App. Nov. 10, 2005) (unpublished opinion), *rev. denied* Feb. 14, 2006).

Petitioner then filed in this Court three petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Chase County convictions, all of which this Court dismissed without prejudice because the 60-1507 proceedings were ongoing. *Watts v. Thiel*, Case No. 04-cv-3476-SAC; *Watts v. Thiel*, Case No. 05-cv-3118-SAC; *Watts v. Thiel*, Case No. 05-cv-3205-SAC. After Petitioner's state-court proceedings ended, he filed in this Court a fourth § 2254 petition which the Court ultimately dismissed for lack of jurisdiction because Petitioner was no longer in custody pursuant to the Chase County convictions. *See Watts v. Thiel*, Case No. 06-cv-3251-SAC. Petitioner's appeal to the Tenth Circuit was dismissed for lack of prosecution. *See id.* at Doc. 39.

At some point in 2006, Petitioner's parents began guardianship proceedings in Butler County and were eventually appointed as Petitioner's guardians. *See Watts v. Larned State Hospital*, Case No. 15-cv-3280-SAC-DJW, Doc. 1, p. 3. On March 9, 2015, Petitioner was involuntarily committed to Larned State Hospital. *Id.* He sought relief in the state courts and his related § 2254 petition filed in this Court was dismissed because the state challenge to his

2

detention was ongoing. *Id.* at Doc. 5. In March 2022, Petitioner was charged in Butler County, Kansas with multiple crimes. That prosecution appears to be ongoing.

Petitioner filed a pro se § 2254 petition in this Court and the Court conducted the preliminary review required by Habeas Corpus Rule 4. Because Petitioner is proceeding pro se, the Court has liberally construed his filings, but it may not act as Petitioner's advocate. *See Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021); *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

**The Notice and Order to Show Cause (Doc. 9)**

After the preliminary review, the Court issued a notice and order to show cause (NOSC) that set forth its understanding of Petitioner's arguments in the petition, which--highly summarized-- are based on Petitioner's belief that the Chase County convictions, the guardianship proceeding, the civil commitment proceeding, and his current Butler County prosecution are part of a larger Satanic scheme against him. Because of the connections, Petitioner asserted that all of the proceedings must be addressed in a single federal habeas action. In the NOSC, the Court explained that it cannot take this type of global view because limits exist on the challenges that may be brought in a federal habeas matter that seeks to secure release from state custody. One such limit is the custody requirement.

The NOSC advised Petitioner that the Court has jurisdiction over federal habeas petitions only from individuals in custody under the conviction or convictions challenged in the petitions. Grounds Two through Sixteen of the current petition challenge convictions

3

or proceedings for which Petitioner is no longer in custody. Thus, it appears that the Court lacks jurisdiction to consider those arguments. The NOSC therefore directed Petitioner to show cause why those grounds should not be summarily dismissed for lack of jurisdiction.

In the remaining ground for relief, Ground One, Petitioner challenges his pretrial detention in the current Butler County case. The NOSC explained to Petitioner that the United States Supreme Court has long held that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime except under very specific circumstances. *See Younger v. Harris*, 401 U.S. 37, 46 (1971); *Ex Parte Royall*, 117 U.S. 241 (1886). The NOSC identified those circumstances and explained to Petitioner that the petition did not allege their existence. Thus, because it appears that *Ex Parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state court proceedings in Butler County, the NOSC directed Petitioner to show cause why Ground One of this matter should not be summarily dismissed without prejudice under *Ex Parte Royall* and *Younger*. The NOSC advised Petitioner that the failure to file a timely response would result in this matter being dismissed without further prior notice to Petitioner.

The time to file a response has now expired. Rather than file a response, Petitioner has filed three motions.

**Analysis**

First, Petitioner filed a "Motion to Get Page 1 of My Petitioner for Habeas Corpus with Case No. of GOD Almighty's

Number(s) and, Not of Lucifer's (Satan's, the Devil's)…" (Doc. 10.) Therein, Petitioner asks the Court to assign a different case number to this matter, one that conforms with the system he explains for determining which numbers are "GOD Almighty's numbers" and which are "Lucifer's." (Doc. 10.) Next, Petitioner filed a "Motion to Amend In, Add, and or Define My Relief Sought in My Petition for Habeas Corpus…" in which he seeks to enlarge the relief sought in this matter. (Doc. 11.) Third, Petitioner filed a "Motion to Acknowledge the Rest of My Name Which is Jesus Christ…" (Doc. 12.)

Even liberally construing these motions, as is appropriate since Petitioner proceeds pro se, none of them address the issues identified in the NOSC that appear to require dismissal of this federal habeas matter. The time to file a response to the NOSC has now passed. Accordingly, for the reasons set forth above and set forth in more detail in the NOSC, the Court will dismiss this matter without prejudice. As a result, the pending motions (Doc. 10, 11, and 12) will be denied as moot.

**Certificate of Appealability**

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

5

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice**. As a result, Petitioner's pending motions (Docs. 10, 11, and 12) are **denied as moot**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 16th day of August, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge