```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**JAMES B. WATTS,**

        **Petitioner,**

    v.              CASE NO. 22-3109-SAC

**LUCIFER, et al.,**

        **Respondents.**

### MEMORANDUM AND ORDER

Petitioner James B. Watts, who is proceeding pro se and in forma pauperis, is a pretrial detainee incarcerated at the Butler County Jail facing state criminal charges. Petitioner filed the operative petition on the court-approved forms on July 5, 2022. (Doc. 8.) On July 7, 2022, the Court issued a Notice and Order to Show Cause (NOSC) directing Petitioner to show cause, in writing, why this action should not be dismissed or risk the dismissal of this matter. (Doc. 9.)

Petitioner then filed three motions (Docs. 10, 11, and 12), including one titled "Motion to Get Page 1 of My Petition for Habeas Corpus with Case No. of GOD Almighty's Number(s) and, Not of Lucifer's (Satan's, The Devil's)…" (Doc. 10.) Therein, Petitioner explained his belief that certain numbers are "of God Almighty's Number(s)," while others are "of Lucifer's" numbers. *Id*. at 2. The case number administratively assigned to this matter when Petitioner filed it is 22-3109-SAC; the number 2 is one of the

1

numbers Petitioner believes is Lucifer's. In his motion, Petitioner asserted that using "[a]ny . . . numbers that do not add up to GOD Almighty's are [*sic*] against [his] Religion and/or Faith," and he asked the Court to alter the case number to include only "GOD Almighty's Number(s) and Not . . . Lucifer's." *Id.* at 3.

Despite filing this and an additional two motions, Petitioner did not address the deficiencies identified in the NOSC. Because Petitioner had not responded to the NOSC, on August 16, 2022, the Court dismissed this matter without prejudice and denied the pending motions as moot. (Doc. 13.)

On August 24, 2022, Petitioner filed a motion to reconsider, in which he advised the Court that he never received the NOSC, so was unaware that he had been ordered to show cause why the matter should not be dismissed. (Doc. 15.) He asked the Court to reconsider the dismissal and assured the Court that he would have responded to the NOSC had he known about it. *Id.* In an order dated August 25, 2022, the Court granted Petitioner's motion to reconsider and directed the clerk of court to reopen this matter. (Doc. 18.)

In that order, the Court also renewed its order, made originally in its NOSC of July 7, 2022, that Petitioner show cause, in writing, why this matter should not be dismissed or file an amended petition. The Court set the deadline for Petitioner's response to the NOSC and/or any amended petition as September 26, 2022. In addition, the Court informed Petitioner that to the extent he wishes to pursue the motions that were denied as moot on the dismissal of this case (Docs. 10, 11, and 12), he may include in his response argument for reconsideration of those motions.

The matter comes now before the Court on Petitioner's September 6, 2022, "Motion to Reconsider and[/]or to Correct Order as My Case Will Not Have a Luciferian Case Number and[/]or Orders, at All, Only of GOD Almighty's…" (Doc. 19.) Therein, Petitioner asserts that his prior request to reopen this matter was contingent upon (1) the Court granting his motion to change the case number; (2) the Court granting the two additional motions that were denied as moot when the Court dismissed this case; and (3) the Court's reconsideration of "all of this Court's Orders including the NOSC." (Doc. 19, p. 2.)

Petitioner further asserts that he "will not get any justice under this case" number because the case number "is for Evil [and] Wicked people and their justice." *Id.* He advises the Court that if it declines to comply with his requests to reconsider its prior orders and the NOSC and grant Petitioner's motions, it should dismiss this case without prejudice so that Petitioner may proceed in another, identical habeas action he has initiated in this Court. *Id.; See also Watts v. Lucifer*, Case No. 22-3195-JWL-JPO (filed Sept. 6, 2022).

First, the Court notes that Petitioner's prior motion to reconsider the dismissal included none of the conditions Petitioner now asserts. (See Doc. 15.) To the extent that Petitioner asks the Court to reconsider its order granting the previous motion to reconsider and reopening this matter, the Court declines to do so. Local Rule 7.3(b) governs motions to reconsider non-dispositive orders. Under that rule, "[a] motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the

3

availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b). Petitioner has established none of these.

Second, the Court notes that Petitioner's newer habeas action has also been assigned a case number that begins with 2. *See Watts v. Lucifer*, Case No. 22-3195-JWL-JPO. This is because both of Petitioner's current habeas actions were filed in the year 2022. The first two digits of every case number reflect the year in which the case was filed. Thus, any cases Petitioner files on or before January 1, 2030 will be administratively assigned a case number that begins with a 2. Therefore, dismissing this matter so that Petitioner may proceed in his more recently filed habeas action will not resolve Petitioner's numerical complaint.

Third, the Court wishes to make clear that it does does not take lightly Petitioner's religious objections to his case number. However, Petitioner does not identify any legal authority that supports his demand that the Court change the administratively assigned case number to comport with Petitioner's religious beliefs. In fact, the Court's independent research has revealed only legal authority that supports the denial of Petitioner's request.

For example, in the context of a religious objection to the assignment of a social security number, the United States Supreme Court held that the Free Exercise Clause does not require "that the Government join in [an individual's] chosen religious practices by refraining from using a number to identify [his or her] daughter." *See Bowen v. Roy*, 476 U.S. 693, 699-700 (1986). The Court explained:

4

"The Free Exercise Clause affords an individual protection from certain forms of government compulsion; it does not afford an individual a right to dictate the conduct of the Government's internal procedures." *Id.* at 700. Similarly, the Court has discovered no legal authority that gives Petitioner the right to demand that his administratively assigned case number be altered to comport with Petitioner's religious beliefs.

Finally, the Court notes that this matter is in the initial screening phase of the proceedings. With respect to Petitioner's request that the Court reconsider the NOSC, Local Rule 7.3(b) again controls and the Court again finds that Petitioner has shown no reason for the Court to reconsider the conclusions in the NOSC. Thus, the NOSC remains in effect and Petitioner must respond to the NOSC and/or file an amended petition on or before September 26, 2022, in accordance with the Court's order of August 25, 2022.

As explained in the NOSC, the operative petition is fatally defective, which also supports the Court's decision not to alter the case number at this time. If Petitioner fails to file an amended petition on or before September 26, 2022 that cures the deficiencies identified in the NOSC, this matter will be dismissed for failure to state a claim on which relief can be granted, rendering moot any need to alter the case number.

If, however, Petitioner files an amended petition on or before September 26, 2022, that cures the deficiencies identified in the NOSC, the Court will conduct the initial screening of the amended petition and this case will proceed. If this case proceeds beyond initial screening, Petitioner may later file a renewed motion for

5

change of case number and provide additional argument, including any legal authority that supports his arguments. For the time being, however, the motion for reconsideration (Doc. 19), will be denied.

**IT IS THEREFORE ORDERED** that the motion to reconsider (Doc. 19) is **denied**. The July 7, 2022 NOSC remains in effect. Petitioner is granted to and including September 26, 2022, to file his response to the NOSC and/or his amended petition.

**IT IS SO ORDERED.**

DATED:  This 13th day of September, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge