IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES B. WATTS,

                             **Petitioner,**

          **v.**                                                                       **CASE NO. 22-3109-SAC**

**LUCIFER, et al.,**

                             **Respondents.**

## MEMORANDUM AND ORDER

Petitioner James B. Watts, who is proceeding pro se and in forma pauperis, is a pretrial detainee incarcerated at the Butler County Jail facing state criminal charges. Proceeding pro se and in forma pauperis, Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 8.) The Court reviewed the petition and, on July 7, 2022, issued a Notice and Order to Show Cause (NOSC) identifying problems with the petition and directing Petitioner to show cause, in writing, why this action should not be dismissed. (Doc. 9.) It advised Petitioner that "[t]he failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner." *Id.* at 12. Petitioner filed three motions but did not address the deficiencies identified in the NOSC. Thus, on August 16, 2022, the Court dismissed this matter without prejudice and denied the pending motions as moot. (Doc. 13.)

On August 22, 2022, Petitioner filed a motion for reconsideration, informing the Court that he never received the NOSC, so he was unaware that he had been ordered to show cause why the matter should not be dismissed. (Doc. 15.) He asked the Court to reconsider the dismissal and assured the Court that he would have responded to the NOSC had he known about it. *Id.*

The Court granted the motion to reconsider and reopened this matter. (Doc. 18.) In the same order, the Court renewed the NOSC of July 7, 2022; directed the clerk to provide Petitioner with a

1

copy of the NOSC and a form petition; and ordered Petitioner to either file an amended petition or otherwise respond to the NOSC on or before September 26, 2022. *Id.* Since that time, Petitioner has filed two motions to reconsider prior orders, including the NOSC. (Docs. 19 and 20.) Those motions were denied and the Court reminded Petitioner that if he failed to meet the September 26, 2022 deadline, this matter will be dismissed. (Docs. 20 and 22.)

Petitioner has not responded to the NOSC or filed an amended petition. As the Court has previously noted, the petition is subject to dismissal in its entirety for reasons the Court will not detail again here. (See Docs. 9 and 13.)

The time to file a response to the NOSC or file an amended petition has now passed and Petitioner has not complied with the Court's order to do so. Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Fed R. Civ. P. 41(b). In addition, the lack of response to the NOSC leaves the Court no reason to reconsider its earlier conclusion that the petition is fatally deficient, which provides an additional basis for dismissal. Accordingly, the Court will dismiss this matter without prejudice.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485.

The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 6th day of October, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge